[Civ. No. 19654.   Second Dist., Div. Three.   Feb. 18, 1954.]

MIKE J. SATTINGER, Plaintiff and Respondent, v. WAL-
TER NEWBAUER, Appellant; BENJAMIN CODD,
Cross-defendant and Respondent.

Adams, Duque, Davis & Hazeltine for Appellant.

Paul Gordon for Cross-defendant and Respondent.

SHINN, P. J.—Appeal by Walter Newbauer from a judgment against him after the demurrer of Benjamin Codd to Newbauer's cross-complaint was sustained without leave to amend.

Sattinger sued Newbauer and Codd, individually, and as partners doing business as Keene Packing Company. The suit was for damages for breach of an alleged contract of Newbauer and Codd, as partners, to can dog food for plaintiff, and also to require defendants to make available to plaintiff for that purpose a portion of suitable tin cans manufactured by defendants under allocation of metal to them by a U. S. Government executive order limiting the use of metal for various purposes. Newbauer and Codd answered separately, denying the main allegations of the complaint and asserting special defenses.

Newbauer filed a cross-complaint against Codd, by which he sought damages, and an amended cross-complaint which sought only declaratory relief. It was alleged that the partnership had been dissolved, and certain provisions of the dissolution agreement were set out. The provision which furnished the basis of the cross-complaint and the amended cross-complaint was one by which each partner covenanted and agreed that he had not contracted "any debt or obligation which can or may charge Newbauer" or the partnership, except such as appeared on the books of the partnership or were mentioned in the agreement. No obligation or liability to Sattinger was shown or listed. By his amended cross-complaint Newbauer sought to have it determined whether Codd had entered into an agreement with Sattinger as alleged in the latter's complaint, on behalf of the partnership. It was alleged that the "dealings and negotiations" between Sattinger and Codd, if any, constituted or resulted in a "debt

or obligation'' of the partnership contracted and incurred by Codd, and which was not shown on the books of the partnership or listed in the agreement; a controversy existed between Newbauer and Codd; the former contended that any obligation or liability in favor of Sattinger was one within the foregoing provision of the dissolution agreement; Codd contended that if an obligation or liability existed it was not one within the scope of the partners' agreement. The prayer was for a declaration of the ''rights and duties of the parties under and by virtue of, and as a result of the said agreements hereinabove alleged.''

As a reason for the ruling on the demurrer Codd says that the cross-complaint was filed prematurely; Newbauer should have waited until the Sattinger claim had been adjudicated, and if he should be hurt by the judgment, he could then sue Codd for damages, setting up the facts he now alleges in his amended cross-complaint. This would have been a good reason for sustaining a demurrer to the original cross-complaint, which did not seek a declaration of rights and duties under the dissolution agreement, but only damages. But the amended cross-complaint sought only declaratory relief. The fact that no judgment has been rendered against Newbauer in favor of Sattinger furnishes no reason for denying the former equitable relief under the declaratory relief procedure. The very purpose of that procedure, if given effect here, would enable Newbauer to obtain a declaration as to the obligation of Codd to him, if any, with respect to the Sattinger claim, before the merits of that claim had been adjudicated. To deny him that right would be to relegate him to the redress that would have been available to him before the declaratory relief procedure was adopted.

If Newbauer had a right to prosecute a claim for declaratory relief, which we do not doubt, the filing of the Sattinger action did not take away or postpone enforcement of the right. By express provision of section 1060, Code of Civil Procedure, ''Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.'' The procedure is anticipatory. (*Kessloff* v. *Pearson*, 37 Cal.2d 609, 613 [233 P.2d 899].) Newbauer did not have to wait until it had been determined whether Codd had broken his agreement by obligating the partnership in a matter that was covered by his warranty. The amended cross-complaint was not a premature attempt to obtain declaratory relief.

Respondent argues further that declaratory relief, alone, may not be sought by way of cross-complaint, for the reason that under section 442, Code of Civil Procedure, a cross-complaint is allowed only when affirmative relief is sought, and he says that declaratory relief is not affirmative relief. One who is proceeding under section 1060, Code of Civil Procedure, " . . . may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time." Respondent says "other relief" means "affirmative relief" and that unless something other than declaratory relief is sought there is no demand which could be the subject of a cross-complaint. But the declaratory relief sought here is affirmative relief. A declaration of rights and duties has the force of a final judgment. Section 1060 so provides. A declaratory judgment may establish a right or duty as affirmatively and effectively as a judgment establishing title to property. (See *Aten* v. *Aten*, 69 Cal.App.2d 589 [159 P.2d 672].) One does not bring an action for declaratory relief except to have some right or duty established for his benefit. Here a judgment on the cross-complaint in favor of Newbauer would determine that the claim of Sattinger, if established, was one that was covered by Codd's warranty. There is nothing in Newbauer's cross-complaint that is merely defensive, or negative. Quite the reverse.

The first sentence of section 442, Code of Civil Procedure, is authority for the cross-complaint: "Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint. . . . " The transaction to which the cross-complaint relates is the one upon which Sattinger has founded his action, namely, an alleged contract with the partners, and an alleged breach of the contract, for which Sattinger seeks damages. It will be determined in the action whether there was a contract with the partners and whether they incurred an obligation and a liability thereunder. If the court should determine there was a contract the evidence, as far as we can tell, will develop who the negotiating and contracting parties were. Those issues were tendered by the cross-complaint. With respect to

the making of the alleged agreement the same evidence would be adduced under the cross-complaint as under the complaint and the answers.

As stated in *County of Humboldt* v. *Kay*, 57 Cal.App. 2d 115, 117 [134 P.2d 501] : ''The fundamental reason for allowing cross-complaints is to have a complete determination of a controversy among the parties in one action, thus avoiding circuity of action.'' In that case suit was brought against a corporate surety under one bond and certain individuals under a later bond given for the same purpose. The corporate surety, by cross-complaint against its codefendants, sought to enforce an agreement with the sureties on the later bond by which they undertook to hold it free from loss. An order striking the cross-complaint was reversed. The reasoning of the court and the authorities cited are applicable to our case. The cross-complaint meets the test stated in *Lori, Ltd.* v. *Wolfe*, 85 Cal.App.2d 54, 62 [192 P.2d 112) : ''The applicable principle is stated in *Kent* v. *Clark*, 20 Cal. 2d 779, 786 [128 P.2d 868, 142 A.L.R. 576] : 'If the defendant's pleading sets forth matter inextricably related to the matter forming the basis of the plaintiff's complaint, it meets the statutory requirements of a cross-complaint, and it is immaterial that the relief sought thereby is independent of that prayed for in the complaint.' '' The amended cross-complaint clearly met the requirements of section 442.

Respondent further relies upon section 1061, Code of Civil Procedure, which reads : ''The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances.'' In considering the application of the section, which vests in the court a discretionary power, no distinction should be drawn between an application for declaratory relief by way of a proper cross-complaint and one asserted by an independent action. Newbauer's right to equitable relief would be the same in either case. The controversy exists, the necessity for its determination has been brought to a focus by the institution of the suit by Sattinger, and we can conceive of no tenable ground for holding that a determination of the issues raised by the cross-complaint would be either unnecessary or improper.

Where the right to declaratory relief is withheld it must be for some good reason. No reason has been suggested by respondent except the claim first mentioned that Newbauer should wait until he has to respond to a judgment

against him in favor of Sattinger, when he may sue Codd for breach of his warranty in the dissolution agreement. It seems clear to us from the statute, and the history of its application, that it was just the sort of delay and circuity of action which would result from denying Newbauer equitable relief that led to the development of the declaratory procedure. It was said in *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 762 [161 P.2d 217, 162 A.L.R. 747]: "Although under the declaratory relief statute (Code Civ. Proc., §§ 1060-1062a), wide powers have been conferred upon the trial court, its discretion is not unlimited. It is a legal or judicial discretion, hardened by experience into rule, and its exercise is subject to appellate review (Borchard, Declaratory Judgments, p. 299). . . . Where, therefore, a case is properly before the trial court, under a complaint which is legally sufficient and sets forth facts and circumstances showing that a declaratory adjudication is entirely appropriate, the trial court may not properly refuse to assume jurisdiction; and if it does enter a dismissal, it will be directed by an appellate tribunal to entertain the action. Declaratory relief must be granted when the facts justifying that course are sufficiently alleged."

We are convinced that were we, in the position of trial judges, called upon to decide the question, we would regard a denial of the right to prosecute a claim for declaratory relief upon the amended cross-complaint of Newbauer as an abuse of discretion. Being so convinced, we must rule accordingly. It was error to sustain the demurrer to the cross-complaint without leave to amend.

The judgment is reversed.

Wood (Parker), J., and Vallée, J., concurred.