[Civ. No. 23555. Second Dist., Div. Three. Sept. 14, 1959.]

PHILIP S. WEISSMAN, Plaintiff, v. LAKEWOOD WATER AND POWER COMPANY (a Corporation) et al., Defendants; CITY OF LONG BEACH, Cross-Complainant and Appellant; MUTUAL PIPELINE AND CONSTRUCTION COMPANY (a Corporation), Cross-Defendant and Respondent.

654

Walhfred Jacobson, City Attorney, and Leonard Putnam, Deputy City Attorney, for Appellant.

Ball, Hunt & Hart for Respondent.

SHINN, P. J.—The present action is against the city of Long Beach, Lakewood Water and Power Company and Mutual Pipeline Construction Company, seeking compensation for personal injuries by reason of the alleged negligence of the defendants. The city answered and filed a cross-complaint against Lakewood and Mutual alleging that they created the condition which caused plaintiff's injuries and seeking a declaratory judgment that it was entitled to be indemnified by its codefendants in the amount of any judgment that might be rendered against it. Lakewood answered the cross-complaint and Mutual filed a demurrer, which was sustained. The city amended; the general demurrer of Mutual was sustained and the cross-complaint was dismissed as to Mutual. The city appeals from the judgment of dismissal.

It was alleged in plaintiff's complaint that defendants installed a water meter in a public highway or sidewalk in a manner which created a dangerous condition; they knowingly

and negligently maintained the condition without safeguards, warning or lighting and that plaintiff suffered an accident from contact with the meter. The amended cross-complaint of the city alleged that the condition was created by Mutual, acting as agent of Lakewood, and that the city "asserts a right of indemnification by and restitution from cross-defendants, and each of them, from any liability to plaintiff because of the condition of said public property existing on April 16, 1957, and from any expenses incurred by City in connection therewith." The only change from the original complaint was an allegation that "a controversy exists between City and cross-defendants relating to the legal rights and duties of the parties herein."

When the city elected to file an amended complaint which was substantially the same as the original, to which a demurrer had been sustained, the motion to dismiss was in order. (*Neal* v. *Bank of America,* 93 Cal.App.2d 678 [209 P.2d 825].) The motion was granted without opposition. The city thereby elected to stand on its amended complaint.

The city contends that if Mutual was solely responsible for the creation of the dangerous condition and that the only fault of the city should be proved to consist of failure to remedy the condition, indemnification will be due from Mutual under the principles declared in *City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802]. It was held in the cited case that where an abutting landowner, for purposes of his own, creates a dangerous condition in a sidewalk and the municipality, jointly with the landowner, is held liable in damages for failure to remedy the condition, the parties are not *in pari delicto,* the landowner is the active wrongdoer, the city but a passive one, and the right of reimbursement exists as an exception to the general rule that there is no right of contribution or reimbursement between joint tortfeasors.

The question on the appeal is not whether Mutual, when all the facts are established, should indemnify the city. Neither is the controlling question whether the city in an independent action would have a right to sue for declaratory relief. Although the briefs discuss these features of the case the sole question for our decision is whether it was an abuse of discretion to decline to entertain the city's cross-complaint for relief in the present action by means of a declaratory judgment. We limit our discussion to this point and give no

consideration to the merits of the other points discussed in the briefs.

We are of the opinion that the dismissal of the cross-complaint was not in error.

It is a novel question which we think should be viewed from a practical standpoint. ■ Under the declaratory relief procedure the trial court is vested with a broad discretion. Section 1061, Code of Civil Procedure, reads: "The court may refuse to exercise the power granted by this chapter in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." However, it may not refuse to grant declaratory relief if the procedure is clearly appropriate.

■ An important consideration is whether the evidence in the trial of the main action would be the same or substantially the same as that to be produced under the issues tendered by the cross-complaint. Our views in this connection were stated in *Sattinger* v. *Newbauer*, 123 Cal.App.2d 365 [266 P.2d 586], a case which is cited by the appellant. Newbauer and Codd were sued by Sattinger upon a partnership liability for which Newbauer held Codd's contract of indemnification. The evidence to be produced in proof of Sattinger's claim would have been the same as under Newbauer's cross-complaint against Codd. If Sattinger's claim was established the judgment would be against Newbauer as well as Codd. We held that the entire controversy could be settled as well in a single action as in separate actions and that it was an abuse of discretion to refuse to entertain Newbauer's cross-complaint against Codd for declaratory relief. The present case is quite different. ■ The evidence in the main case would not necessarily be the same as under the cross-complaint, nor would a judgment in favor of Weissman necessarily determine the controversy between the city and Mutual. In the main case Weissman would undertake to prove that the meter was installed by one or more of the defendants so as to create a dangerous condition which the defendants negligently failed to remedy. In order to hold the city liable he would not have to prove that the city, by itself, or with others, negligently installed the meter, but only that it had a duty to remedy a dangerous condition and failed in that duty. The city, while defending against the claim of negligence, and in order to bring itself within the rule of *Ho Sing,* would seek to place responsibility for installation of the meter upon Mutual and limit its own duty to one of inspection and repair.

It would be to the interest of Mutual, in order to avoid liability for indemnification, to establish that if a wrong was committed by itself and the city the wrongdoers were *in pari delicto*. No doubt the claim of the city would be stoutly opposed by Mutual with all available defenses to the cross-complaint. It could not have been known in the preliminary stages of the litigation what contentions would be urged and what evidence, if any, would be produced by Mutual and the city that would be extraneous to the issues in the main case. The latter is an action at law, subject to jury trial, while the declaratory relief procedure is in equity. We think the court no doubt anticipated that the case might be tried to a jury. It would have been inadvisable and confusing in Weissman's case for a jury to even learn that a controversy existed between the city and Mutual with respect to the possible claim of the former against the latter. In fact, we can see no advantage to either party and probable disadvantages in combining the issues in a single trial, especially where the factual issues might be submitted to a jury.

The principal reason for our holding in *Sattinger* was that a decision of the issues in the main case would substantially dispose of those tendered by the cross-complaint, and that a separate trial of those issues, upon the same evidence, would be wasteful of time and effort. The same reason is not available to the city.

Although we also held in *Sattinger* that under the declaratory relief procedure a judgment of indemnification to operate prospectively may be declared, it by no means follows that the remedy is available in all cases in which the right is claimed. In the present case, the court, in the exercise of its discretion, could have taken into consideration that Weissman might prevail against one or more of the defendants but not against all, or perhaps, against none of them, and that at the conclusion of the trial no controversy would exist as between the city and Mutual.

Although the question we must answer is one of first impression there is no novelty in the considerations that enter into the exercise of judicial discretion. ▆ In matters in which there is no settled procedure the court seeks to chart a course that conforms to the orderly and proven standards of practice best suited to accomplish the most satisfactory trial and decision of the issues. ▆ There can be no set formula for adopting the proper procedure to the facts of the particular case. In the present case, the court was required to

give due consideration to the rights of the parties and to weigh the advantages and disadvantages of permitting a trial of the issues as between the city and Mutual concurrently with a trial of the plaintiff's case. We have mentioned some of the apparent disadvantages. Weissman had a right to have his case tried without the interjection of claims of third parties which would have tended to confuse the issues. At the most the city may have to sue Mutual in a separate action but even that is problematical. If, however, the city does have to sue Mutual eventually each will be free to accuse the other of being the principal wrongdoer without the presence of a jury impaneled to hear the Weissman case. We do not doubt that this would be the better procedure for all parties concerned.

We have mentioned what we consider to be reasons for the refusal to entertain the city's cross-complaint. ▮ We are also of the opinion that the cross-complaint was insufficient as an attempt to allege the existence of a justiciable controversy. The allegation that a controversy exists is a mere conclusion of law. (*City of Alturas* v. *Gloster*, 16 Cal.2d 46 [104 P.2d 810].)

▮ A complaint for declaratory relief should allege facts with sufficient particularity to define the issue to be adjudicated. ▮ It cannot be ascertained from the cross-complaint whether the controversy is a factual or merely a legal disagreement; whether it relates to the installation of the water meter and responsibility for its condition, to the duties of the parties respecting its maintenance and repair, or whether it is merely a disagreement with respect to the applicability of the equitable principles which the city invokes. However, if the cross-complaint had alleged all the facts which the city intended to prove it should nevertheless have been dismissed on motion.

We conclude that the trial court properly declined to try the issues tendered by the cross-complaint as "not necessary or proper at the time under all the circumstances."

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied October 1, 1959, and appellant's petition for a hearing by the Supreme Court was denied November 10, 1959. Gibson, C. J., Traynor, J., and Peters, J., were of the opinion that the petition should be granted.