[S. F. No. 20338. In Bank. Jan. 25, 1962.]

R. WALKER ROYLANCE et al., Cross-complainants and Appellants, v. HENRY DOELGER et al., Cross-defendants and Respondents.[1]

---

[1]The title of this action as filed in the trial court is *Henry Doelger Builder, Inc., Plaintiff* v. *Underwriters at Lloyds, London, a corporation et al., Defendants.* Because plaintiff is not a party to this appeal its name does not appear in the title to this opinion. Further, although the answer and cross-complaint were filed by parties terming themselves "Defendants R. Walker Roylance, and all other Underwriters at Lloyds, London, subscribing Certificate No. LC 104806, erroneously proceeded against herein as 'Underwriters at Lloyds, London, a corporation,' " such parties will for convenience be designated in this opinion as "defendant" in the singular.

Wallace, Garrison, Norton & Ray and Philip M. Madden for Cross-complainants and Appellants.

Ropers, Majeski & Kane and Cyril Viadro for Cross-defendants and Respondents.

SCHAUER, J.—In this liability insurance litigation defendant (certain Underwriters at Lloyds, London, hereinafter called Lloyds) filed an answer together with a cross-complaint seeking declaratory relief and naming as cross-defend-

ants new third parties.[1] The trial court granted the motion of such new parties to strike the cross-complaint, and defendant appeals. We have concluded that striking of the cross-complaint was erroneous under the circumstances, and that the order appealed from should be reversed.

Plaintiff corporation, against whom a judgment of $5,116.07 for property damages had been rendered in favor of, and paid by itself to, the property owners, Mr. and Mrs. Bullis, then instituted the present action to recover from its liability insurance carrier, defendant Lloyds, the $5,116.07 together with costs and attorney fees incurred by plaintiff in defending the Bullis action. Defendant filed an "Answer and Cross-Complaint for Declaratory Relief," naming as sole cross-defendants new third parties to the action, Henry Doelger and Thelma Doelger.

The answer set forth a general denial of liability under the insurance policy admittedly issued by defendant Lloyds to plaintiff corporation, and also pleaded two special defenses. In the first such defense defendant insurer admitted delivery to it by plaintiff herein of the summons and complaint in the Bullis action against plaintiff, but alleged that defendant "tendered the defense thereof . . . to Henry Doelger and Thelma Doelger [now named as cross-defendants] . . . [who] thereafter . . . accepted said tender of defense and undertook to defend plaintiff in said action, and that by reason of said tender . . . and . . . acceptance" defendant had performed under the insurance policy. In the second special defense defendant pleaded that payment by plaintiff of the Bullis judgment against plaintiff constituted a breach by plaintiff of policy conditions prohibiting a voluntary settlement of claims, and thereby excused defendant from further performance under the insurance policy.

In the cross-complaint defendant insurer alleges as a first cause of action that (1) the Bullis action was based on the claim that plaintiff herein, and others, excavated on land belonging to the new third-party cross-defendants (Henry and Thelma Doelger) and situated adjacent to the Bullis land, thereby removing lateral support for the latter and causing it to collapse; (2) the excavations were performed by plaintiff corporation (defendant's insured) "under the supervision, direction and control" of cross-defendants, who thereafter negligently failed to provide lateral support for the Bullis

[1]See note on page 280.

property; (3) cross-defendants "are the persons primarily liable to Bullis for the injury the said Bullis suffered," as plaintiff corporation was not negligent in performing the excavations and "is only secondarily liable to Bullis" and "entitled to indemnity over against cross-defendants" for any liability to Bullis; (4) if plaintiff recovers from defendant the amount paid to Bullis, then defendant insurer will be subrogated to plaintiff's alleged right to indemnity from cross-defendants.

As a second cause of action against cross-defendants defendant insurer alleges that upon receipt from plaintiff herein (the insured) of the summons and complaint in the Bullis action defendant "tendered the defense thereof to cross-defendants . . . [who] accepted said tender of defense, and thereby undertook to defend plaintiff . . . and to hold . . . plaintiff harmless from any liability which it might have to said Bullis"; that cross-defendants failed to carry out such hold-harmless agreement and that defendant is subrogated to plaintiff's rights against cross-defendants in the premises.

Defendant prayed for a declaration of the rights of the parties and that the court "declare that if plaintiff" recovers from defendant that defendant then "have judgment over in like amount against cross-defendants."

*Plaintiff* is not a party to this appeal and seemingly raised no objection to the cross-complaint. Cross-defendants, however, moved to strike it on the ground that it "is incompetent, irrelevant and immaterial, and constitutes an attempt to collaterally attack a final judgment." The trial court granted the motion, and this appeal by defendant insurer followed.

As ground for reversal defendant asserts that the trial court abused its discretion in striking the cross-complaint because the allegations thereof are legally sufficient to give defendant a right to declaratory relief (citing Code Civ. Proc., § 1060, and *Columbia Pictures Corp.* v. *DeToth* (1945) 26 Cal.2d 753, 760 [5] [161 P.2d 217, 162 A.L.R. 747]). Although cross-defendants do not dispute this latter proposition, they argue that because the cross-complaint seeks declaratory relief "the Court has discretion not to entertain it as part of the main action." The question at issue before us is thus not the sufficiency of defendant's allegations to state a cause of action for declaratory relief and for the judgment over, sought against cross-defendants, but, rather, whether under the circumstances defendant is entitled to seek such relief through the medium of a cross-complaint.

Section 442 of the Code of Civil Procedure, as amended in 1957, provides that "Whenever the defendant seeks affirmative relief against any *person* [formerly 'party'], *whether or not a party to the original action,* relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought . . . he may, in addition to his answer, file . . . a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto, or file a notice of motion to strike the whole or any part thereof . . . ." (Italicized language was added in 1957.)

Cross-defendants, citing *Weissman* v. *Lakewood Water & Power Co.* (1959) 173 Cal.App.2d 652 [343 P.2d 776] urge in support of the order striking the cross-complaint, that the issues tendered by the complaint and the answer thereto "can be disposed of in a very short and very simple trial," whereas those between defendant and cross-defendants are "much more complicated," and there is no reason why they should be tried at the same time.

In *Weissman* plaintiff sued the City of Long Beach and two other defendants for personal injury damages. The city answered and filed a cross-complaint against its two codefendants alleging that they were responsible for the condition which caused plaintiff's injuries and seeking a declaratory judgment that the city was entitled to be indemnified by its codefendants in the amount of any judgment rendered against it. One codefendant answered, and the other filed a demurrer to the cross-complaint which was sustained and the cross-complaint dismissed. On appeal by the city the court noted (p. 655 [1] of 173 Cal.App.2d) that "the sole question for our decision is whether it was an abuse of discretion to decline to entertain the city's cross-complaint for relief in the present action by means of a declaratory judgment" and ruled that "the trial court properly declined to try the issues tendered by the cross-complaint as 'not necessary or proper at the time under all the circumstances.' " (P. 658 [7b] of 173 Cal. App.2d.) The ruling therefore appears to have been limited by the court itself to the circumstances of that case.

Defendant insurer relies upon *Sattinger* v. *Newbauer* (1954) 123 Cal.App.2d 365 [266 P.2d 586] (by the same court), in which, in an action for damages for breach of contract, one defendant filed a cross-complaint against the other, seeking a declaration that any obligation to plaintiff was that of the cross-defendant only. The trial court sustained a

demurrer to the cross-complaint without leave to amend. On appeal the court in reversing ruled that "were we, in the position of trial judges, called upon to decide the question, we would regard a denial of the right to prosecute a claim for declaratory relief upon the amended cross-complaint . . . as an abuse of discretion." (P. 370 of 123 Cal.App.2d.) With this view we agree.

Further, in the light of the provisions of Code of Civil Procedure, section 442, expressly authorizing a defendant who seeks affirmative relief "relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought" to file a cross-complaint, we are persuaded that the view expressed for the court by Mr. Justice Dooling in *Atherley* v. *MacDonald, Young & Nelson, Inc.* (1955) 135 Cal.App.2d 383 [287 P.2d 529] (which is consonant with that exemplified in *Sattinger* v. *Newbauer* (1954), *supra,* 123 Cal.App.2d 365) correctly interprets the legislative intent. There certain defendants in a personal injury action filed a cross-complaint against their codefendants; they alleged that the latter had agreed to construct the stairway on which plaintiff fell and to hold cross-complainants harmless, and asked appropriate declaratory relief. The trial court granted a motion to strike the cross-complaint. In reversing, the court pointed out that (pp. 386-387 [5-7]) "If the main action were on contract the decided cases in this state would compel the holding that one defendant is entitled to file a cross-complaint against a codefendant upon a contract to indemnify him against the liability sought to be enforced by the plaintiff. The rule with the cases supporting it was thus stated in *Television Arts Prod.* v. *J. Fairbanks, Inc.* [1955] 134 Cal.App.2d 293 [285 P.2d 695], at p. 297: 'Where several persons are sued upon a demand, against which one defendant has agreed to indemnify another, the latter may have his rights to indemnity determined by means of a cross-complaint. . . . [Citations.]'

"The fact that in our case the main action is in tort while in the cases cited above it was in contract does not in our opinion furnish any sound distinction between the cases. The 'transaction' clause of section 442 is at least as broad in its language as the 'transaction' clause of section 427, subdivision 8, Code of Civil Procedure, which permits the joinder in one action of ' (c)laims arising out of the same transaction.' This has been construed to permit the joinder of an action in tort and an action against one who by contract has assumed a

direct liability for such tort. [Citations.] ▮▮▮ If a contract to be liable for another's tort is a 'claim arising out of the same transaction' as the tort within the meaning of section 427, subdivision 8, then a contract to save another harmless from liability for a tort must relate to or depend upon the transaction out of which the tort liability arises within the meaning of section 442.''

In *Atherley* the court further pointed out (pp. 387-388 [9] of 135 Cal.App.2d) that as section 442 then read (in 1955), ''to bring in a new party, a stranger to the action, by cross-complaint the cross-complainant must satisfy the provisions of section 389, Code of Civil Procedure, and must show, quoting section 389, that 'a complete determination of the controversy cannot be had without the presence of other parties.' The court made the distinction clear in the leading case of *Alpers* v. *Bliss* [1904] 145 Cal. 565 [79 P. 171] at pages 570-571. 'Thus the test for a cross-complaint against a new party is more stringent than that governing cross-claims against the plaintiff or codefendants. Under Code of Civil Procedure, section 389, the stranger must be a party *necessary to a complete determination of the controversy between the original parties.*' (2 Witkin, California Procedure, p. 1587; emphasis the author's.)''

▮▮▮ As already noted, section 442 was amended in 1957 to permit a cross-complaint against any ''person, whether or not a party to the original action,'' thus indicating a legislative intent that the former stringent test be relaxed in favor of permitting defendant to request, even against new third parties to the action, affirmative relief ''relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought.'' (§ 442.) ▮▮▮ The fact that the original complaint may seek equitable relief while the cross-complaint pleads an action legal in nature has been held no bar to the filing of the latter, and the converse appears to be equally permissible. (See *Roffinella* v. *Roffinella* (1923) 191 Cal. 753, 760 [3] [218 P. 397]; *Winter* v. *McMillan* (1890) 87 Cal. 256, 264-265 [23 P. 407, 22 Am. St.Rep. 243].)

▮▮▮ Moreover cross-defendants' argument that the issues tendered by the cross-complaint are ''much more complicated'' than those raised by the pleadings as between plaintiff and defendant and that defendant is ''not entitled as a matter of right to have them tried together,'' is, of course, met by the provisions of section 1048 of the Code of Civil Procedure.

That section declares that "An action may be severed and actions may be consolidated, in the discretion of the court, whenever it can be done without prejudice to a substantial right." Thus, although defendant was entitled to file the subject cross-complaint and the order striking it was erroneous, the trial court may sever the matters for trial if it determines to do so in the interests of justice. We note that it does not appear that section 1048 was brought to the attention of the court in *Weissman* v. *Lakewood Water & Power Co.* (1959), *supra,* 173 Cal.App.2d 652, relied upon by cross-defendants.

 Stripped of other detail, this is basically a controversy between an insured, its alleged liability insurer, and third parties whom the defendant insurer by cross-complaint claims were the real tortfeasors ultimately liable to the injured persons. For the reasons stated above we hold that the proper procedure is to permit and sustain filing of the cross-complaint under circumstances falling within the language of section 442, but to allow the trial court to determine under the provisions of section 1048 whether the issues tendered by the complaint and the answer thereto shall be tried together with those raised by the cross-complaint, or shall be severed. If any implications contrary to the views expressed in this opinion properly may be found in *Weissman* v. *Lakewood Water & Power Co.* (1959), *supra,* 173 Cal.App.2d 652, they are to be deemed disapproved.

The order appealed from is reversed.

Gibson, C. J., Traynor, J., McComb, J., Peters, J., White, J., and Dooling, J., concurred.