[No. B009963. Second Dist., Div. Three. Jan. 9, 1986.]

TINA CHRISTIAN, a Minor, etc., Cross-complainant and Appellant, v. COUNTY OF LOS ANGELES, Cross-defendant and Respondent.

**COUNSEL**

Girardi, Keese & Crane and James B. Kropff for Cross-complainant and Appellant.

Horvitz & Levy, David M. Axelrad and Joan Wolff for Cross-defendant and Respondent.

---

**OPINION**

**ARABIAN, J.—**

### INTRODUCTION

This is an appeal from an order of the trial court granting judgment on the pleadings to respondent County of Los Angeles (County). The County is a cross-defendant in equitable indemnity actions which cross-complainant and appellant Tina Christian (Christian) is pursuing as assignee of the County's former codefendants, the original cross-complainants Valley Presbyterian Hospital (Hospital) and Dr. Harold Maller (Maller). We affirm.

### FACTS

▪ Preliminarily, we note that although the County's motion was designated a motion for judgment on the pleadings, it was essentially an old-fashioned "speaking motion" to dismiss (a motion supported by evidence), which is modernly treated as a motion for summary judgment. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, §§ 274, 279, pp. 575, 579-580; 5 Witkin, *op. cit. supra,* Pleading, § 957, pp. 392-393.)[1]

The County's motion was made on the ground the cross-complaints failed to state causes of action. The motion was based on accompanying points and authorities, the records and files in the case, oral argument, and other oral and documentary matter, including matters of which the court may or must take judicial notice (Evid. Code, §§ 452, 453). The evidence in support of the motion and the opposition thereto show the relevant facts to be as follows:

In 1977 Christian filed a medical malpractice action against Maller, the Hospital, and the County. Christian's complaint against the County was

---

[1]See, e.g., *Veseley* v. *Sager* (1971) 5 Cal.3d 153, 157, 167-169, fns. 4, 7 [95 Cal.Rptr. 623, 486 P.2d 151]; see *Larcher* v. *Wanless* (1976) 18 Cal.3d 646, 657 [135 Cal.Rptr. 75, 557 P.2d 507]; *Shapiro* v. *Wells Fargo Realty Advisors* (1984) 152 Cal.App.3d 467, 475, fn. 3 [199 Cal.Rptr. 613]; *Mediterranean Exports, Inc.* v. *Superior Court* (1981) 119 Cal.App.3d 605, 615 [174 Cal.Rptr. 169]; *McKinney* v. *County of Santa Clara* (1980) 110 Cal.App.3d 787, 793 [168 Cal.Rptr. 89].)

dismissed after the trial court sustained a demurrer on grounds the action was barred by the applicable statute of limitations and Christian's failure to comply with the requirements of the Tort Claims Act. The judgment of dismissal was affirmed on appeal.

After County was dismissed from the action, Maller and the Hospital filed separate declaratory cross-complaints for equitable indemnity against the County.

Christian then settled her action against Maller and the Hospital by means of a stipulated judgment in the amount of $900,000. At the same time, Christian entered into a covenant not to execute on the stipulated judgment, whereby she agreed not to proceed against either Maller or the Hospital for the stipulated amount of the judgment and agreed to indemnify and hold them harmless from liability for indemnity by reason of the stipulated judgment. In the final paragraph of the covenant not to execute, Christian explained its purpose as follows:

"It is the intent of this covenant that HOSPITAL and MALLER and their insurers, representatives and assigns, *shall never at any time be liable,* beyond the consideration expressed in this instrument, by reason of said aforementioned injuries or suit or judgment rendered therein, or any suit or suits filed by reason thereof. *The stipulated judgment will be satisfied only out of and to the extent of any judgment or settlement proceeds resulting from the prosecution of the cross-complaint[s] of HOSPITAL and MALLER against cross-defendant County of Los Angeles."* (Italics added.)

In exchange for the covenant not to execute, Maller and the Hospital assigned to Christian all of their legal rights and causes of action against the County. The assignment stated that, as consideration for the assignment, Christian gave Maller and the Hospital a covenant not to execute upon "any judgment against them in the . . . action. . . ."

In April 1983, the trial court found that the stipulated judgment, the covenant not to execute, and the assignment, were made in good faith. The trial court noted, however, that because Maller and the Hospital suffered no loss through payment, the County's defense against the equitable indemnity actions assigned to Christian was "reasonably strong." Indeed, the risk that the unusual terms of the settlement might preclude Christian from pursuing the actions for equitable indemnity was thoroughly discussed at that time.[2]

---

[2]Christian's attorney explained to the trial court that his client was well aware of the risk created by the settlement: "[MR. GIRARDI]: We recognize, and my client recognizes that we are doing something that at least in our search of the law appears to be without precedent . . . . Certainly this particular type of device we have never seen and Mrs. Christian is certainly aware of the fact . . . that it is indeed possible that some appellate court could disagree with us that this in fact is an appropriate way to handle the litigation. . . ."

The settlement agreement having been completed, Maller and the Hospital were dismissed from the lawsuit and Christian was substituted as the cross-complainant in their stead. The County then moved for judgment on the pleadings, asserting, inter alia, that the cross-complaints assigned to Christian were barred, as a matter of law, because neither Maller nor the Hospital would ever suffer the loss through payment required to state a claim for equitable indemnity.

The trial court granted County's motion on the ground that "Dr. Maller and the Hospital will never suffer any real monetary loss. . . . It would be unjust to apply the equitable doctrine of indemnification in favor of the . . . assignee [Christian] in that kind of situation."

ISSUE

Where codefendant tortfeasors settle with the plaintiff, but thereby suffer no loss through payment, can their cross-actions against another concurrent tortfeasor for equitable indemnity be maintained by the plaintiff as assignee of their claims?

DISCUSSION

I. *Standard of review.*

■ Inasmuch as we will review this case as an appeal from a summary judgment in favor of County, "it is only necessary for us to determine whether there is any *possibility* [Christian] may be able to establish [her] case. (*Tresemer* v. *Barke* (1978) 86 Cal.App.3d 656, 661-662 [150 Cal.Rptr. 384, 12 A.L.R.4th 27]; *Frazier, Dame, Doherty, Parrish & Hanawalt* v. *Boccardo, Blum, Lull, Niland, Teerlink & Bell* (1977) 70 Cal.App.3d 331, 338-339 [138 Cal.Rptr. 670].) Summary judgment is properly granted where the evidence in support of the moving party conclusively negates a necessary element of the plaintiff's case or establishes a complete defense and thus demonstrates that under no hypothesis whatever is there a material factual issue which requires the process of a trial. (*Ibid.,* accord, *Sprecher* v. *Adamson Companies* (1981) 30 Cal.3d 358, 362 [178 Cal.Rptr. 783, 636 P.2d 1121].) In making its determination, the trial court may rely on 'affidavits, declarations, admissions, answers to interrogatories, depositions and matters of which judicial notice . . . may be taken.' (Code Civ. Proc., § 437c, subd. (b); *Barrett* v. *Atlas Powder Co.* (1978) 86 Cal.App.3d 560, 563 [150 Cal.Rptr. 339]; see *Sheffield* v. *Eli Lilly & Co.* (1983) 144 Cal.App.3d 583, 611 [192 Cal.Rptr. 870].) []" (*Osmond* v. *EWAP, Inc.* (1984) 153 Cal.App.3d 842, 850 [200 Cal.Rptr. 674].)

## II. *No cause of action for equitable indemnity was stated.*

■ Although a defendant may cross-complain for equitable indemnity against even a previously unnamed third party (*Roylance* v. *Doelger* (1962) 57 Cal.2d 255, 259 [19 Cal.Rptr. 7, 368 P.2d 535]; see *Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 612 [189 Cal.Rptr. 871, 659 P.2d 1160]; *People* ex rel. *Dept. of Transportation* v. *Superior Court (Frost)* (1980) 26 Cal.3d 744, 759 [163 Cal.Rptr. 585, 608 P.2d 673]; as codified in Code Civ. Proc., § 428.10 [previously § 442]), that cross-complaint properly takes the form of an action for declaratory relief (*Valley Circle Estates* v. *VTN Consolidated, Inc., supra,* 33 Cal.3d at p. 612; Code Civ. Proc., § 1060).

■ However, the fact that a defendant is permitted under third-party procedures to bring a declaratory cross-complaint in the original tort action does not alter the rule that a fundamental prerequisite to an action for partial or total equitable indemnity is an actual monetary loss through payment of a judgment or settlement.

In *Sunset-Sternau Food Co.* v. *Bonzi* (1964) 60 Cal.2d 834 [36 Cal.Rptr. 741, 389 P.2d 133], the Supreme Court stated the applicable rule of law as follows: "The implied promise of indemnity and reimbursement applies only to the actual loss and not to the liability incurred. [Citations.] Thus the cause of action does not arise until the agent has actually paid the obligation." (*Id.,* at p. 843, fn. omitted.)

The principle has been reiterated in subsequent decisions of the Supreme Court:

In *E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 506 [146 Cal.Rptr. 614, 579 P.2d 505], the court, citing the *Sunset-Sternau* case, stated: "It is well settled that a cause of action for implied indemnity does not accrue or come into existence until the indemnitee has suffered actual loss through payment."

In *People* ex rel. *Dept. of Transportation* v. *Superior Court (Frost), supra,* 26 Cal.3d 744, at pages 751-752, the Court explained: " 'The claim accrues at the time the indemnity claimant suffers loss or damage, that is, at the time of payment of the underlying claim, payment of a judgment thereon, or payment of a settlement thereof by the party seeking indemnity.' [Citation.]"

The right to indemnity " 'depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been

compelled to pay damages which ought to have been paid by the wrongdoer, they may recover from him.'" (*Card Const. Co.* v. *Ledbetter* (1971) 16 Cal.App.3d 472, 478 [94 Cal.Rptr. 570], citing *Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69, 74 [38 Cal.Rptr. 490, 8 A.L.R.3d 629].)

### CONCLUSION

██ ██ In the instant case, under the terms of their settlement with Christian, Maller and the Hospital cannot, as a matter of law, suffer any loss through payment to Christian. As a result, they cannot state, and cannot assign to Christian, a viable cause of action against the County for equitable indemnity.[3]

The judgment is affirmed.

Klein, P. J., and Danielson, J., concurred.

---

[3]"The assignee 'stands in the shoes' of the assignor, taking his rights and remedies subject to *any defenses* which the *obligor* has against the assignor prior to notice of the assignment." (1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 751, p. 628, original italics.)