[No. A035937. First Dist., Div. Two. Apr. 6, 1988.]

COUNTY OF SAN MATEO, Cross-complainant and Appellant, v. STANLEY BERNEY et al., Cross-defendants and Respondents.

**COUNSEL**

James P. Fox and Thomas F. Casey III, District Attorneys, and John A. Shupe, Deputy District Attorney, for Cross-complainant and Appellant.

Arthur Brunwasser, David D. Wexler and Wexler, Wexler & Agosta for Cross-defendants and Respondents.

## OPINION

BENSON, J.—In this case we consider whether after a public entity has been sued for inverse condemnation that public entity may cross-complain against a third party for equitable indemnity.

The present dispute has it origins in the complaint for inverse condemnation and negligence filed by plaintiffs Michael and Jeanette Levine against the County of San Mateo (County). The first cause of action of the complaint alleged that since 1973 plaintiffs had owned a residence at 1911 Cordilleras Road in Redwood City. On or about June 6, 1961, County caused a portion of a public street to be constructed along the northern border of plaintiffs' property and that County so planned, constructed and maintained said public street as to remove and destroy the lateral support of plaintiffs' property, proximately causing plaintiffs' property to crack, subside and slide away in May of 1981. The second cause of action alleged that Karachii Homes, the real estate developer of the subdivision in which plaintiffs' house is located, had negligently widened Cordilleras Road pursuant to plans and designs which had negligently been prepared by County.

County filed a cross-complaint for declaratory relief and implied and equitable indemnity against Karachii Homes and Moyer & Green. The cross-complaint alleged that cross-defendants were "responsible for negligently planning, developing, supervising and placing fill" on the property described in the complaint. Thereafter, County filed a first amended cross-complaint for implied indemnity, declaratory relief and for fraudulent concealment,[1] adding Stanley Berney and Mary Ann Moyer (respondents), among others, as cross-defendants.

The first amended cross-complaint alleges respondents to have been the owners, developers, graders and builders of the plaintiffs' land; that they intentionally and knowingly prepared, used or intentionally and knowingly acquiesced in the preparation and use of improper fill material; that they knew the fill material was improper and that any residential dwelling constructed upon the fill material would subside, slide and crack; that they were under a duty to affirmatively disclose the true facts concerning the fill material to County at the time they requested approval of their tentative subdivision map and various permits; and that if the true facts concerning the fill material had been disclosed, appellant would not have permitted the construction of plaintiffs' residence upon the fill material. Based upon these allegations, the cross-complaint prayed for a determination that County

---

[1] Code of Civil Procedure section 337.15, subdivision (f), provides that the 10-year statute of limitations for bringing an action against a real estate developer "shall not apply to actions based on wilful misconduct or fraudulent concealment."

would be entitled to total or proportionate indemnity for respondents' intentional or negligent conduct if County was found liable to plaintiffs.

Respondent Stanley Berney filed a motion for judgment on the pleadings on the grounds that each of County's claims failed to state a cause of action because there were no allegations of damage. Respondent Mary Ann Moyer then joined in the motion. Appellant opposed the motion on the grounds that its cross-complaint was not a direct action for fraud, but a claim for equitable complete or comparative indemnity and, as such, did not require a specific allegation of injury. In the alternative, County requested leave to amend to include damage allegations. Citing *Blau* v. *City of Los Angeles* (1973) 32 Cal.App.3d 77 [107 Cal.Rptr. 727] and *Sheffet* v. *County of Los Angeles* (1970) 3 Cal.App.3d 720 [84 Cal.Rptr. 11], respondents' reply memorandum argued, for the first time, that since plaintiffs' suit was based upon a claim of inverse condemnation, and developers could not be held liable for damage incurred in a direct or inverse condemnation action, County could only sue in tort which required an allegation of damages. Although County argued that *Blau* and *Sheffet* were inapplicable, the trial court granted respondents' motion for judgment on the pleadings without leave to amend and the action was dismissed. The trial court's rationale for the decision was stated at the hearing on the motion: "As I view the original complaint, it is a complaint for inverse condemnation. That is all it is period. It is against the county only. I see in the cross complaint an effort of the county to bring in the Berney and Moyer defendants on a fraud cause of action. [¶] I have difficulty understanding how there can be indemnity where the only person who could have acted on the original complaint as alleged is a public entity. There is no way a private body could commit inverse condemnation. There is no way that I can see that a private body could be a joint tortfeasor in an inverse condemnation action. [¶] I don't see how American Motorcycle[2] can apply. Not only are the individuals here perhaps not joint tortfeasors, they certainly are not concurrent tortfeasors." From this judgment the County appeals.

■ We think the lower court's ruling and rationale were erroneous. "The duty to indemnify may arise, and indemnity may be allowed in those fact situations where in equity and good conscience the burden of the judgment should be shifted from the shoulders of the person seeking indemnity to the one from whom indemnity is sought. The right depends upon the principle that everyone is responsible for the consequences of his own wrong, and if others have been compelled to pay damages which ought to have been paid by the wrongdoer, they may recover from him. Thus, the

---

[2]*American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899].

determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case." (*Herrero* v. *Atkinson* (1964) 227 Cal.App.2d 69, 74 [38 Cal.Rptr. 490, 8 A.L.R.3d 629]; see also 4 Witkin, Summary of Cal. Law (8th ed. 1974) § 50, p. 2349.)

In *American Motorcycle,* our Supreme Court modified the doctrine of equitable indemnity to reflect its previous holding in *Li* v. *Yellow Cab Co.* (1978) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], which established comparative negligence in California. The court concluded that "the current equitable indemnity rule should be modified to permit a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis." (*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d at p. 598.) ▇▇ The issue with which we are confronted in the instant action is whether the principle of partial or total equitable indemnity applies where the liability of the party seeking indemnity has not been based on tort.

The cases cited by respondents lend little guidance to the issue. In *Sheffet,* a real property owner sued both the county and a developer for damages and injunctive relief. The court reiterated the established rule concerning inverse condemnation actions: "The fact that the work is performed by a contractor, subdivider or a private owner of property does not necessarily exonerate a public agency, if such contractor, subdivider or owner follows the plans and specifications furnished or approved by the public agency. When the work thus planned, specified and authorized results in an injury to adjacent property the liability is upon the public agency under its obligation to compensate for the damages resulting from the exercise of its governmental power." (*Sheffet* v. *County of Los Angeles, supra,* 3 Cal.App.3d at p. 735; quoting *Frustuck* v. *City of Fairfax* (1963) 212 Cal.App.2d 345, 362-363 [28 Cal.Rptr. 357].) The *Sheffet* court then went on to hold that "[i]n the absence of something in the nature of a protective covenant, where a public entity approves the plans for a subdivision, . . . and there is damage to adjacent property as a result of those improvements, the public entity, not the subdivider, is liable in an inverse condemnation suit." (*Ibid.*) *Blau* v. *City of Los Angeles, supra,* 32 Cal.App.3d 77, merely endorses the *Sheffet* holding without adding to it.

However, the *Sheffet* court noted that its ruling did not necessarily preclude actions by a property owner against a developer: "We can readily envisage a situation where a subdivider, during development of the property, may have a duty to prevent ground erosion . . . . It would seem reasonable to require a subdivider to take preventive measures to preclude such incidents, and nothing we say here negates responsibility for such negligence, . . ." (*Sheffet* v. *County of Los Angeles, supra,* 3 Cal.App.3d at

p. 736.) Neither *Sheffet* nor *Blau* address whether a developer who commits such negligence or, as is alleged in this case, is guilty of fraudulent conduct, may be subjected to equitable indemnity by a public entity held liable for inverse condemnation caused by the contributing actions of the developer.

"A party against whom a cause of action has been asserted in a complaint . . . may file a cross-complaint setting forth . . . . [¶] (b) Any cause of action he has against a person alleged to be liable thereon, whether or not such person is already a party to the action, if the cause of action asserted in his cross-complaint (1) arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause brought against him or (2) asserts a claim, right, or interest in the property or controversy which is the subject of the cause brought against him." (Code Civ. Proc., § 428.10.) ■ The fact that the original complaint pleads an action legal in nature while the cross-complaint seeks equitable relief is not a bar to the latter. (*Roylance* v. *Doelger* (1962) 57 Cal.2d 255, 261 [19 Cal.Rptr. 7, 368 P.2d 535].) ■ Previous decisions by the Court of Appeal, while not directly addressing the issue, have nonetheless recognized that after a public entity has been sued for inverse condemnation, the public entity may bring suit for contractual indemnity (see *City of Mill Valley* v. *Transamerica Ins. Co.* (1979) 98 Cal.App.3d 595 [159 Cal.Rptr. 635]), cross-complain for contractual indemnity (see *City of Los Angeles* v. *Japan Air Lines Co., Ltd.* (1974) 41 Cal.App.3d 416 [116 Cal.Rptr. 69])[3] or cross-complain for equitable indemnity. (See *Souza* v. *Silver Development Co.* (1985) 164 Cal.App.3d 165, 168 [210 Cal.Rptr. 146].)

■ Although we have found no case which expressly so holds, we see no logical reason which would serve to prevent a public entity subjected to liability for inverse condemnation from seeking indemnification from third parties whose negligent or fraudulent acts were causative factors in the damaging or taking of private property. While it is true that a public entity is liable in inverse condemnation for "any actual physical injury to real property proximately caused by [a public] improvement as deliberately designed and constructed" (*Albers* v. *County of Los Angeles* (1965) 62 Cal.2d 250, 263-264 [42 Cal.Rptr. 89, 398 P.2d 129], italics added), where, as is here alleged, a third party's fraudulent concealment caused or contributed to the injury, the third party should indemnify the public entity to the extent such conduct has contributed to a damage award against the public entity.

---

[3] In *City of Los Angeles,* the city claimed it was entitled to contractual or equitable indemnification. However, the court held that the airlines' duty to indemnify the city had to be determined from the contractual provisions and not from the independent doctrine of equitable indemnity. (*City of Los Angeles* v. *Japan Air Lines Co., Ltd., supra,* 41 Cal.App.3d 416, 428.)

Since County has pled causes of action for total and partial indemnification showing some right to relief, it was unnecessary to include an allegation of actual damages. (See *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578; *Postley* v. *Harvey* (1984) 153 Cal.App.3d 280 [200 Cal.Rptr. 354].)

The judgment is reversed.

Kline, P. J., and Smith, J., concurred.

Petitions for a rehearing were denied May 6, 1988, and respondents' petitions for review by the Supreme Court were denied June 22, 1988.