[Civ. No. 9156. Third Dist. Dec. 9, 1957.]

GRACE V. ROBINSON, Plaintiff and Appellant, v. ALBY FELCH et al., Respondents; HUGH G. BYRD et al., Cross-Defendants and Appellants.

Leander W. Pitman for Plaintiff and Appellant.

Lawrence D. Saler for Cross-Defendants and Appellants.

Fitzwilliam & Memering and John D. Stumbos, Jr., for Respondents.

VAN DYKE, P. J.—There are two appeals herein presented on a single record. Alby Felch, hereinafter called Alby, was driving a logging truck owned by Grace V. Robinson, hereinafter called Robinson, en route from Hayfork to Redding, California, when, through his negligent driving, it collided with an automobile in which Alice Byrd was riding, causing her death. Cross-appellants herein, hereinafter called Byrd, as heirs of Alice, brought action against Alby, Robinson, and William Felch to recover damages for her death. During the pendency of that action a compromise was effected between Byrd and Felch. Byrd was paid $10,000 in consideration of a covenant not to sue and not to sue further. The action continued against Robinson and the result was a judgment in favor of Byrd in the sum of $2,500 and costs. Robinson satisfied this judgment and then began the present action for recoupment against Alby, William and Rita Felch, his wife. We shall refer to William and Rita as Felch since their interests and liabilities are identical. Her complaint in several counts alleged that: 1. She had placed her truck with Felch for repairs and that during the bailment Felch, with her consent, had permitted Alby to drive it; 2. Alby had driven the truck as agent of Felch, and, 3. Alby had been a minor and that Felch had signed his application for a driver's license. She asked recoupment in the sum of $2,500, plus her costs in the death action, and also for $500 attorneys' fees she had expended therein. She was granted recoupment, excluding the attorneys' fees, but against Alby alone. Alby has not appealed.

We shall consider first the appeal of Robinson. She contends that, under the evidence and the findings of fact, the judgment in favor of Felch should be reversed with instructions to enter judgment in her favor. The court found that Felch was bailee of the truck while Alby was driving the same; that Felch permitted Alby to operate the truck with the consent and permission of Robinson; that Felch had signed Alby's minor's application for an operator's license; that Alby was driving Robinson's truck as the agent of Felch. Herein, Robinson sued to recoup moneys she had expended in satisfaction of a judgment against her in the death action, which judgment was based upon findings that Alby drove her truck as Robinson's consent driver. Although Byrd, in the death action, also counted upon Alby's having been Robinson's agent and so alleged, no finding was made upon that issue, the findings reciting that during trial it had been withdrawn. Under section 402 of the Vehicle Code Robinson was entitled to recover sums she had expended in satisfaction of the judgment in the death action upon findings of the court herein as above recited that Alby had driven the truck with the consent of Felch and of Robinson while the truck was under bailment to Felch. That part of the judgment from which Robinson appeals and which denied to her recovery against Felch must be reversed.

Robinson further contends that the $500 she expended for attorneys' fees in defending the death action should be allowed to her as part of the judgment against Felch. Felch argues that section 402, subdivision (d), of the Vehicle Code creates a new right of action and should be strictly construed; that by its language the recovery therein provided for is limited to the amount of the judgment and costs recovered against an owner. The language of the section reads as follows:

"In the event a recovery is had under the provisions of this section against an owner on account of imputed negligence, such owner . . . may recover from such operator the total amount of any judgment and costs recovered against such owner."

In *Weber* v. *Pinyan*, 9 Cal.2d 226, 229 [70 P.2d 183, 112 A.L.R. 407], the Supreme Court quoted the following from 59 Corpus Juris, page 1129:

" 'A statute creating a new liability, or increasing an existing liability, or even a remedial statute giving a remedy against a party who would not otherwise be liable, must be

strictly construed in favor of persons sought to be subjected to their operation.' ''

The language of the section specifically gives the right to recover the judgment and costs assessed against the owner. Since no other loss or damage which the owner might have suffered is mentioned and since it is hardly likely that the Legislature was unaware that costs for attorneys' fees are generally incurred in considerable amounts by an owner in defending against a claim of liability under the section, and yet omitted to provide for their recovery, we think the language of the section cannot be broadened to include attorneys' fees.

Robinson further contends that she may recover attorneys' fees under section 352 of the Vehicle Code. This contention cannot be sustained. That section expressly provides that the section does not apply if the minor is driving as the agent of "any person." In view of the finding that Alby was driving as the agent of Felch, the section has no application.

 Robinson asks this court to order that she have interest on the sum she paid from the date of payment. Subrogation is an equitable doctrine and it has been said that in consonance with equitable rules interest will be allowed or not according as is just under the facts of the particular case. (83 C.J.S., Subrogation, § 71, p. 726, citing *Fidelity & Cas. Co.* v. *Heitman Trust Co.*, 317 Ill.App. 256 [46 N.E.2d 155], and other cases.) The court having made no express finding on the matter and no such finding having been requested, we think it improper to rule on the request here.

The covenant between Felch and Byrd contained the following language:

". . . In consideration of the sum of Ten Thousand Dollars ($10,000.00) to them in hand paid, . . . the said undersigned parties do hereby promise and agree that they will not hereafter sue, or further sue, or further prosecute any pending litigation against W. M. Felch, . . . , and his agents, servants and employees, . . . , for or on account of any damages arising out of the death of the said Alice Byrd, . . . , and the undersigned do hereby further covenant and agree to fully indemnify and hold . . . , W. M. Felch, . . . , and and his agents, servants and employees, and each of them, harmless from any liability, loss, claims, demands, costs, attorneys' fees, charges or expenses incident to any claim, demand, or suit arising out of the death of said Alice Byrd.

"It is further agreed that the undersigned are not hereby in any manner or respect waiving or relinquishing any claim, demand, or cause of action against Grace Robinson, her agents, servants, employees or drivers, or any of them."

Felch and Alby, when sued by Robinson, joined Byrd as cross-defendants, alleging that if Robinson obtained a judgment against them they were entitled under the indemnity provisions of the covenant to judgment over against Byrd. In this cross-action judgment went for Alby, who alone had been held liable to Robinson for the amount which the judgment ordered that Robinson recover from him. Byrd appeals, asserting (1) that Alby, not named in the covenant, was not within its protective clauses, and (2) that even if he were so protected yet the covenant, by reason of certain reservations contained in it, afforded no protection against the demand of Robinson in the present suit.

Byrd contends that the covenant afforded no right of indemnity to Alby because the indemnity provisions applied only to agents of Felch, and Alby was found to have been a consent driver. In view, however, of the trial court's finding that Alby was also Felch's agent, the point is without materiality. There was evidence sufficient to warrant an inference that Felch was obligated, as a part of his contract of bailment, to deliver the repaired truck to Robinson at Redding; that Robinson had consented that Alby could drive the truck, and that Alby, who was 20 years of age and who had often and intermittently worked in his father's garage, was in law the agent of Felch, as well as the permitted driver of Robinson.

Byrd also contends that the covenant does not indemnify either Felch or Alby because the right to pursue and recover from Robinson was reserved and the reservation would be a nullity if, exercising the reserved rights, the end result for Byrd could be liability as indemnitors in an amount equaling the judgment they procured. Such a result, says Byrd, would leave them worse off than before, the expenses of the suit considered. But at the time the covenant was executed Byrd was seeking to recover from Robinson on the theory that Alby was her agent as well as on the additional theory that he was her consent driver. Under the latter theory they could recover no more than $10,000 because of the limitations contained in section 402 of the Vehicle Code. But their recovery on the theory of agency would be limited only by the total amount of damages they had suffered, which in their pleading they alleged to be the sum of $150,000 general damages,

besides various items of special damage. If they recovered on this theory an amount in excess of $10,000 they could at least retain the excess, though Robinson might claim and secure a reduction pro tanto on the theory that they had already been paid the sum of $10,000. Therefore, the reservation of the right to proceed against Robinson was not a futile thing as they claim. In any event, they fully understood the situation and made their contract with the indemnity provisions stipulated therein. These considerations are not affected by the fact that they did recover against Robinson only on the theory that Alby was her consent driver and only recovered a part of the amount they had been paid for the covenant. The risk they ran in proceeding against Robinson was known to them and they became liable to answer over to their covenantees when Robinson sought to recoup against them.

The judgment in favor of Alby and against Byrd is affirmed. The judgment in favor of Felch and against Robinson is reversed. The trial court is instructed to consider further the issue as to the right of Robinson to recover against Felch, under equitable principles, interest upon the amount expended by her in satisfaction of the judgment and costs rendered against her in the death action. The trial court is then instructed to enter judgment against Byrd in favor of Felch in structed to enter judgment in favor of Robinson and against Felch in the said amounts with or without interest thereon as the court shall determine. The trial court is then further in the amount of the judgment so obtained by Robinson against Felch.

Peek, J., and Schottky, J., concurred.

A petition for a rehearing was denied January 7, 1958.