[Civ. No. 24508.   Second Dist., Div. One.   Aug. 8, 1960.]

NICHOLAS H. SKEEN, Respondent, v. LAWRENCE
PAYNE et al., Defendants; INGERMANN OVER-
LAND, Appellant.

Thomas M. Eckhardt for Appellant.

Jacobs & Bennion and Harden C. Bennion for Respondent.

SCOTT (Robert H.), J. pro tem.*—Plaintiff brought this action for personal injury against defendant Payne, as driver, and defendant Overland, as owner, of the automobile with which the car in which plaintiff was riding collided. Prior to verdict and judgment, plaintiff settled with Payne for $5,000 and gave him a dismissal without prejudice. Thereafter, plaintiff recovered judgment against Overland, only, for $5,000. Overland appeals from this judgment on the ground that, by plaintiff's settlement with Payne, the driver, Overland, the owner, has been deprived of rights which he otherwise would have under section 17152 (formerly § 402c) and section 17153 (formerly § 402d) of the Vehicle Code.

---

*Assigned by Chairman of Judicial Council.

These sections are as follows:

"§ 17152. Liability of Operator. In any action against an owner on account of imputed negligence as imposed by Section 17150 the operator of the vehicle whose negligence is imputed to the owner shall be made a party defendant if personal service of process can be had upon the operator within this State. Upon recovery of judgment, recourse shall first be had against the property of the operator so served."

"§ 17153. Subrogation of Owner. If there is recovery under this chapter against an owner based on imputed negligence, the owner is subrogated to all the rights of the person injured or whose property has been injured and may recover from the operator the total amount of any judgment and costs recovered against the owner."

This objection was urged before the trial court and was overruled. On this appeal, Overland asserts that he has wrongfully been precluded from being able to require plaintiff to have recourse first against property of Payne, and has been deprived of his right to be subrogated to the rights of plaintiff so as to proceed against Payne to recover the amount of the judgment which has been ordered against Overland.

Appellant urges that settlement by Payne precluded further action against Payne by plaintiff arising out of the same injury (under Civ. Code, § 1541), and that a dismissal without prejudice was in effect a dismissal with prejudice because the statute of limitations had run as to plaintiff's claim against Payne. (Code Civ. Proc., § 340.) He further asserts that because plaintiff had no further right as against Payne, appellant could not be subrogated to any right of plaintiff, and therefore appellant could not recover from Payne any amount that appellant would have to pay under the judgment.

The question before the trial court, and now before this court, is the validity of the judgment in the instant case. From the record, there is no doubt that the driver Payne ceased to be a party defendant when the dismissal was filed, and that the judgment stands as against the owner Overland alone. No case has been brought to our attention which suggests that plaintiff's settlement with Payne was contrary to law. There is no claim that it was prejudicial to Overland at any time during the trial or prior to judgment. It would not be until plaintiff sought to levy execution on Overland's property, pursuant to the judgment, that the latter would be aggrieved or deprived of the benefit he would have under section 17152 had Payne continued in the case and had become

a fellow judgment debtor. That subsequent deprivation cannot be regarded as invalidating an otherwise sufficient judgment.

■ Similarly, any right of subrogation under section 17153 would not accrue to Overland prior to the time that the judgment was rendered in the instant case. (*Dalton* v. *Baldwin*, 64 Cal.App.2d 259 [148 P.2d 665].) Overland could not sue Payne to recover money paid out to satisfy plaintiff's judgment until that time. This controversy between the owner and the driver would not mature earlier and it would be one in which plaintiff in this case would have no interest and could take no part. Because the validity of the present judgment is the sole question before us on this appeal, it is apparent that it must be affirmed. The questions of whether a right of subrogation exists, and, if so, how it may be enforced under pleadings and facts as they may hereafter be presented to a trial court, are not now before us.

■ From a reading of *Broome* v. *Kern Valley Packing Co.*, 6 Cal.App.2d 256, 262 [44 P.2d 430], it would appear that the owner was subrogated to the rights of the injured party and may himself recover from the operator the amount of any judgment which has been recovered against him. ''The right of contribution does not rest upon the existence of a judgment against the operator in the same action but applies in the event a recovery is had against the owner and covers 'any judgment and costs recovered against such owner.' Where an operator is made a party to the action and no judgment is entered against him this provision still gives the owner a right of subrogation and a right to 'recover from such operator' the amount of any judgment entered against the owner. Under this provision an owner may bring an independent action in the nature of an action for contribution.'' The failure of the jury to pass on the issue of the liability of the operator would not deprive the owner of his right of subrogation. (*Davidson* v. *Ealey*, 69 Cal.App.2d 254, 260 [158 P.2d 1000].)

■ The foregoing is true even though the provision that in the event of a judgment recourse shall first be had against the property of the operator ''can only apply where a judgment is recovered both against the operator and the owner.'' (*Holland* v. *Kodimer*, 11 Cal.2d 40, 44 [77 P.2d 843]. See also *Baugh* v. *Rogers*, 24 Cal.2d 200 [148 P.2d 633, 152 A.L.R. 1043].)

■ As stated in *Castro* v. *Giacomazzi Bros.*, 92 Cal.App. 2d 39, 44 [206 P.2d 688] : ''The liability of the owner is not

dependent upon service of summons upon the operator of the vehicle. The operator is not an indispensable party to the maintenance of such an action. The liability is joint and several.'' We conclude that the dismissal as to the operator over objection by the owner would not deprive the latter of his right of subrogation.

The case of *Aynes* v. *Winans*, 33 Cal.2d 206 [200 P.2d 533], has certain elements resembling the case now before us, but is readily distinguishable because in the cited case there was a separate judgment against the operator for $5,000 and one against the owner for $5,000, whereas we here have a situation in which the only judgment debtor is the owner. It would therefore not support any view contrary to those hereinabove expressed.

Judgment affirmed.

Wood, P. J., and Fourt, J., concurred.