Opinion
COLE, J.
Plaintiff, Ronald P. Jenne, entered into a contract for the purchase of an automobile in his name. He did so at the request and for the benefit of defendants Nathan R. and Donna Mae Wheeler to enable them to obtain the. car on credit, as their own credit rating was unacceptable. Although plaintiff was listed as the registered owner, the automobile was in fact the property of defendants, who at all times since the purchase had sole and exclusive possession of the automobile and made all of the installment payments due.
*Supp. 13 A few months after the purchase, defendant Nathan R. Wheeler was driving the automobile when it collided with another vehicle. Since defendant did not carry liability insurance, his automobile was an “uninsured motor vehicle,” as that term is used in the California Vehicle Code. The driver and the owner of the other vehicle was insured against damage caused by an uninsured motorist. Her insurance company paid $3,742.75 to her as compensation for the damages she suffered in the collision.
The insurance company in turn sued plaintiff and the Wheelers to recover this amount and alleged that the accident was caused by negligent operation of the car by Nathan R. Wheeler.
Plaintiff defended that action on behalf of himself and defendants and paid $75 in attorney’s fees and litigation expenses. Shortly before the trial date, the claim was compromised for $1,350. Plaintiff paid this sum and a dismissal with prejudice was filed. It is stipulated that the settlement was a reasonable compromise.
Plaintiff demanded in writing that defendants Nathan R. Wheeler and Donna Mae Wheeler pay him the sum of $1,350 plus litigation expenses incurred of $200, but defendants have refused to do so. Plaintiff sued to recover these amounts. Judgment went against him and he appeals.
Considerations of equitable indemnity obviously apply in this case (Atchison, T. & S. F. R. Co. v. Lan Franco (1968) 267 Cal.App.2d 881, 885-886 [73 Cal.Rptr. 660]; Pearson Ford Co. v. Ford Motor Co. (1969) 273 Cal.App.2d 269 [78 Cal.Rptr. 279]), unless the language of Vehicle Code section 17153[1] referring to subrogation of the owner to the rights of an injured person prevents the application of the doctrine of indemnification. In our view it does not.
Dalton v. Baldwin (1944) 64 Cal.App.2d 259 [148 P.2d 665] holds that under the statute a judgment is required before subrogation arises. That proposition is evident from the statutory language itself. (A similar opinion of the Attorney General, 7 Ops.Cal.Atty.Gen. 377 (1946), contributes nothing to our problem as it relies on Dalton.) But Dalton, supra, 64 Cal.App.2d at page 263, primarily concerned itself with the *Supp. 14 argument that under the statutory language of Vehicle Code section 17153 until the rendition of a judgment in favor of an injured person, a subrogee-owner’s rights “do not attain a reality. And, until they arise, they cannot be made the subject of litigation.” A case, of course, is not authority for propositions it does not discuss and Dalton did not discuss equitable indemnity. As to equitable indemnity, it is now the law (as was not the case at the time of Dalton), that a cross-complaint for indemnity is proper, although the injured person has not yet recovered a judgment against the indemnitee. (Roylance v. Doelger (1962) 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535].)
It used to be the rule that where a right not existing at common law is created by statute and a remedy for its infringement is provided, the remedy is exclusive of all other. (Orloff v. Los Angeles Turf Club (1947) 30 Cal.2d 110, 112 [180 P.2d 321, 171 A.L.R. 913].) Orloff, supra, 30 Cal.2d at pages 113-114, modified this proposition and held that such a rule of statutory interpretation should not be applied where the remedy provided by the statute is plainly inadequate. That is clearly the situation here.
Equitable indemnity applies whether the liability involved is imposed by statute or by rule of law (26 Cal. Jur.2d (1956 ed.) Indemnity, § 17), and there is no necessity for a prior adjudication if the indemnitee proves that he was liable for the amount paid by him or that it was reasonable to compromise the matter. (26 Cal. Jur.2d Indemnity (1956 ed.) § 24.) See Home Indemnity Co. v. Mission Ins. Co. (1967) 251 Cal.App.2d 942 [60 Cal.Rptr. 544].)
Here it has been stipulated that the amount paid was reasonable and that the injured party’s insurer was obligated to and did pay $3,742.75 to the injured party. It was likewise stipulated that in the insurance company’s action against plaintiff herein the settlement made by plaintiff in the amount of $1,350 was a reasonable compromise of the potential liability of the parties in that action. It is clear that plaintiff was not a volunteer in paying the $1,350. Accordingly, plaintiff is entitled to assert a claim of equitable indemnity and the judgment is reversed with directions to enter judgment for the plaintiff. Appellant to recover his costs of appeal.
Katz, P. J., and Holmes, J., concurred.

Section 17153 provides: “If there is recovery under this chapter against an owner, bailee of an owner, or personal representative of a decedent, the owner, bailee of an owner, or personal representative of a decedent is subrogated to all the rights of the person injured or whose property has been injured and may recover from the operator the total amount of any judgment and costs recovered against the owner, bailee of an owner, or personal representative of a decedent.”