[Civ. No. 6670. Fifth Dist. Sept. 29, 1982.]

WESTERN PIONEER INSURANCE COMPANY, Plaintiff, v.
ESTATE OF EUGENE H. TAIRA et al., Defendants and
Respondents;
THE STATE OF CALIFORNIA, Defendant and Appellant.

COUNSEL

George Deukmejian, Attorney General, Michael Franchetti, Chief Deputy Attorney General, Willard A. Shank, Chief Assistant Attorney General, Marvin Goldsmith, Assistant Attorney General, Seward L. Andrews and Stephen J. Egan, Deputy Attorneys General, for Defendant and Appellant.

Sandell, Young & St. Louis, David J. St. Louis, Paul R. Hager and Brad B. Geery for Defendants and Respondents.

OPINION

HAMMER, J.*—

### STATEMENT OF THE CASE

Two state parole agents, Eugene Taira, driver, and Roy Longmire, passenger, were killed when a state owned 1974 Plymouth driven by Taira collided with a vehicle being driven by one Booker Woods. There was evidence that both Taira and Longmire were under the influence of alcohol. It was established that both parole agents were, at the time of the accident on January 23, 1978, in the course and scope of their duties and that Taira was driving the 1974 Plymouth with the permission of its owner and his employer, the State of California. Applications were made and awards given for workers' compensation benefits for both agents.

Thereafter, Longmire's widow and children brought an action for wrongful death against the estate of Taira and others under the provisions of Labor Code section 3601, subdivision (a)(2) which permits suits against a fellow employee for injury or death resulting from intoxication. As a result of the Longmire action, plaintiff Western Pioneer

---

*Assigned by the Chairperson of the Judicial Council.

Insurance Company (Western Pioneer), insurance carrier for the decedent driver Eugene Taira, brought this action for declaratory relief. Western Pioneer sought a determination as to whether an automobile insurance policy issued by it covered Eugene Taira while he was driving a state owned car, and whether the state, a self-insured owner of the vehicle, was liable to defend and indemnify the estate of Taira in the Longmires' wrongful death action.

The matter was tried by the court without a jury. The court determined that plaintiff, Western Pioneer, provided no insurance coverage for the accident. The court further determined that the state was obligated to provide a defense for and to indemnify the estate of Taira. From that ruling, the State of California appeals.

I

*A Self-insurer Is Not Required to Indemnify a Permissive User Under the Insurance Code to the Same Extent as if It Were an Insurer*

The underlying action was brought pursuant to section 3601 of the Labor Code which reads in pertinent part: "(a) Where the conditions of compensation exist, the right to recover such compensation ... is ... the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in either of the following cases:

". . . . . . . . . . . . .

"(2) When the injury or death is proximately caused by the intoxication of such other employee.

". . . . . . . . . . . . .

"(c) In no event, either by legal action or by agreement whether entered into by such other employee or on his behalf, shall the employer be held liable, directly or indirectly, for damages awarded against, or for a liability incurred by such other employee ...."

Thus, the same section which creates an exception allowing suit against a coemployee also creates an immunity on the part of the employer and by itself does not serve to create any liability in the employer. Likewise, the estate of Longmire (hereafter respondent) concedes that the State of California could not be named as defendant in the *Longmire* action by liability imposed by Vehicle Code section 17001.

▮ The basis for finding a duty to indemnify on the part of the state was the trial court's finding that the State of California as a self-insured owner of a motor vehicle owed a duty to defend and indemnify analogous to that owed by an insurance carrier.

Section 11580.1 subdivision (b) of the Insurance Code sets forth certain required provisions which must be contained in every policy of automobile liability insurance. Such requirements include: "Provision affording insurance to the named insured ... and to the same extent that insurance is afforded to the named insured, to any other person using, or legally responsible for the use of, such motor vehicle, provided such use is by the named insured or with his permission, express or implied ...." (Ins. Code, § 11580.1, subd. (b)(4).) That section has been interpreted to require coverage of "permissive users" in all automobile insurance liability policies. (See *National Indemnity Co.* v. *Manley* (1975) 53 Cal.App.3d 126, 132 [125 Cal.Rptr. 513].)

The cases have held that there is a strong public policy to require such coverage; so strong is that policy that it has become an implied covenant of all such insurance, even in the face of a specific exclusion in the policy for permissive users. (*National Indemnity Co.* v. *Manley, supra*, 53 Cal.App.3d at p. 132; *Osborne* v. *Security Ins. Co.* (1957) 155 Cal.App.2d 201, 210 [318 P.2d 94].) Were we considering the question for the first time, we might well consider finding that the requirements of "permissive user coverage" extend to self-insurers as well as all policies of automobile liability insurance.

However, there is substantial authority to the effect that the obligations arising from a policy of insurance do not extend to a self-insurer. (See *Metro U.S. Services, Inc.* v. *City of Los Angeles* (1979) 96 Cal. App.3d 678, 683 [158 Cal.Rptr. 207]; *O'Sullivan* v. *Salvation Army* (1978) 85 Cal.App.3d 58, 62 [147 Cal.Rptr. 729]; *Glens Falls Ins. Co.* v. *Consolidated Freightways* (1966) 242 Cal.App.2d 774, 785 [51 Cal.Rptr. 789].)

In *O'Sullivan* v. *Salvation Army, supra*, 85 Cal.App.3d 58, the court held that the requirement of Insurance Code section 11580.2 that automobile insurance policies include uninsured motorist coverage did not apply to a self-insurer. In *Glens Falls Ins. Co.* v. *Consolidated Freightways, supra*, 242 Cal.App.2d 774, the court reasoned that a certificate of self-insurance was not a motor vehicle liability policy of insurance and therefore a self-insurer was not bound by the obligations or rules dealing with extended coverage for "use" of an automobile in insurance policy situations.

In *Metro U.S. Services, Inc.* v. *City of Los Angeles, supra*, 96 Cal. App.3d 678 the court held a self-insurer did not fall within the purview of Insurance Code section 11580.9 defining which policies provided primary and secondary coverage. The court stated: "[T]he overall design of the insurance code relating to automobile insurance carefully demarks self-insurers apart from insurers or holders of policies of insurance. The self-insurer files no policy or contract, nor does he have to comply with any other provisions of the statute respecting mandatory policy provisions, etc. See section 11580.1 Insurance Code for the multiple provisions that an automobile liability policy must contain. *A reading of that section demonstrates the obvious impossibility of reading those required provisions into self-insurance.*" (96 Cal.App.3d at p. 682, italics added.)

As a result of the *Metro U.S. Services* case, the Legislature in 1980 amended section 11580.9 of the Insurance Code, dealing with multiple coverage situations, to add subdivision (g) which provides as follows: "For purposes of this section, a certificate of self-insurance issued pursuant to Section 16053 of the Vehicle Code or a report filed pursuant to Section 16051 of the Vehicle Code shall be considered a policy of automobile liability insurance."

Respondent urges that the obvious intent of the Legislature was to make the provisions of the Insurance Code applicable to self-insureds. There are two problems with this approach. First, the accident in this case occurred on January 23, 1978, whereas the section was not amended to enact subdivision (g) until 1980. To apply subdivision (g) of section 11580.9 to an accident two years before the amendment would be to give it retroactive effect. ■ "It is a general rule of construction applicable to codes and other statutes alike that, unless the intention to make it retrospective clearly appears from the act itself, a

statute will not be construed to have that effect...." (58 Cal.Jur.3d, Statutes, § 23, p. 336.)

■ Second, subdivision (g) was specifically limited to section 11580.9 when it said "for purposes of this section ...." Had the Legislature intended the amendment to apply to other sections it could have used the term "for purposes of this part" or "for purposes of this chapter." It can be inferred that the Legislature meant the amendment to apply only to the one section to overrule the holding of *Metro U.S. Services, Inc., supra*, in the multiple coverage situation. There is no evidence that the Legislature intended the amendment to apply to section 11580.1 of the Insurance Code, which provides for mandatory coverage for liability of permissive users. Generally, the enumeration of acts or things as coming within the operation of a statute precludes the inclusion by implication of other acts or things not listed. (See 58 Cal.Jur.3d, Statutes, § 115, p. 503.)

For the above reasons, we feel that the 1980 amendment to section 11580.9 did not transform certificates of self-insurance into insurance policies for all purposes and did not mandate the application of identical requirements for self-insureds as for insurance carriers. Any change in this area should be left to the Legislature.

II

*The Stipulation in This Case Does Not Require a Different Result*

■ At trial the court requested and received a stipulation concerning the status of the parties.[1] This stipulation played a large part in the

---

[1]The discussion concerning the stipulation is set forth as follows:

"THE COURT: Maybe we could enter into an additional stipulation which I don't see here which I think may be of importance. I wonder if it could be stipulated that the State of California was a self-insurer within the provisions of Vehicle Code Sections 16050 through 16057, and also within the meaning of Insurance Code Section 11580.9.

" . . . . . . . . . . . . . .

"MR. SCHOFIELD [attorney for plaintiff Western Pioneer]: The reason I am hesitating, your Honor, is that my recollection having to do with the Vehicle Code concerned the fact the state has a statutory liability duty under 17001. And its [sic] my recollection that there was [a] specific section having to do with their liability and—

"THE COURT: Well, in the Vehicle Code relating to establishing proof of financial responsibility, referring to publicly-owned vehicles in Section 16051, proof—this is proof of financial responsibility—'Proof may be established by filing a report indicating

court's decision.[2] Respondent contends that the effect of the stipulation estops appellant from appealing the applicability of subdivision (g) of section 11580.9 of the Insurance Code.

In fact, courts in the past have held parties to a stipulation when a case was tried on the stipulated theory. (6 Witkin Cal. Procedure (2d ed. 1971) Appeal, §§ 270-271, 281, 285, pp. 4260, 4271, 4273.) However, we feel in this case the proper approach is to determine the effect of the stipulation. The essential portion of the stipulation elicited by the court was that "the State of California was a self-insurer within the provisions of . . . Insurance Code section 11580.9 and that subsection (g) of Insurance Code 11580.9, which has to do with 2 or more policies, provides that: 'For purposes of this section, a certificate of self-insurance issued pursuant to [s]ection 16053 of the Vehicle Code . . . shall be considered a policy of automobile liability insurance.'"

Initially it should be noted that the interpretation of statutes or law is normally not a proper subject for stipulation of the parties, but is a matter for the courts. (See *Oakland Raiders* v. *City of Berkeley* (1976) 65 Cal.App.3d 623, 629 [137 Cal.Rptr. 648].) It is doubtful that the parties could stipulate that a statute applied that did not.

Furthermore, courts may interpret stipulations to determine their effect. (See 1 Witkin, Cal. Procedure, *supra*, Attorneys, § 139, p. 148; see also *Theatrical Enterprises, Inc.* v. *Ferron* (1932) 119 Cal.App. 671 [7 P.2d 351].) In this case, the state's attorney only stipulated as to the

that the motor vehicle involved in the accident was owned and leased or under the direction of the United States or any political subdivision of this state or municipality.'
"MR. SCHOFIELD: That was specifically the section I was looking for.
"THE COURT: Right. And then 16053 is the certificate of self-insurance provision. And Insurance Code 11580.9, which has to do with 2 or more policies, Subsection [g] provides that 'For purposes of this section, a certificate of self-insurance issued pursuant to section 16053 of the Vehicle Code or a report filed pursuant to Section 16051 of the Vehicle Code shall be considered a policy of automobile liability insurance.'
"MR. SCHOFIELD: I am prepared to stipulate to this, your Honor.
"MR. MAGLIO (Attorney for Estate of Taira): We stipulate to that.
"MR. EGAN (Attorney for the State): May I have just a moment to peruse this section, Your Honor?
"THE COURT: Certainly.
"MR. EGAN: We'll stipulate, Your Honor."
[2]At the end of the trial the court indicated its reliance on this stipulation: "THE COURT: And that's why I wanted a stipulation in here, so we cleared the air. Because once they become a self-insurer, then every provision of the Insurance Code is written into that certificate of self-insurance. Just like it was a private company sitting out there."

state being a self-insurer within the meaning of section 11580.9 of the Insurance Code. That section merely determines the priorities in a multiple policy situation. It does not purport to hold self-insurers to the mandatory requirements of automobile insurance policies in Insurance Code section 11580.1. Assuming, arguendo, that the stipulation binds appellant to application of the priority provisions of section 11580.9 of the Insurance Code, the stipulation does not bind appellant to the mandatory coverage provisions of a different section, namely 11580.1 of the Insurance Code.

Accordingly, we find that the stipulation as interpreted does not require a finding that appellant was subject to the mandatory coverage requirements of section 11580.1 of the Insurance Code for permissive user coverage. (We have previously found that a self-insurer is not subject to said requirements absent the stipulation.)

## III

*The Result Is Not Affected by Statutory Immunities and Dual Capacity Doctrine or Section 825 of Government Code*

The state urges that it is immune from a duty to indemnify because of the provisions of Labor Code section 3601, subdivision (c). This contention misses the point that liability in this case is urged not against the state as an employer, but under their responsibilities as a self-insurer. Because we have determined that there is no duty to indemnify required by the statute in this case, it is not necessary to discuss the question of immunity.

Respondent contends that the dual capacity doctrine as most recently enunciated in *Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268 [179 Cal.Rptr. 30, 637 P.2d 266] negates any immunity the state may claim because the state is here being sought to be held liable as an insurer not an employer. We have determined that the state's duties as a self-insurer are not the same as an insurer, and on that basis a discussion of this contention is no more necessary than a discussion of the state's contention re immunity.

Respondent contends that the state has the duty to indemnify Taira under section 825 of the Government Code which creates a duty of indemnification of public employees generally. However, section 814.2 of the Government Code is entitled "Workmen's compensation

provisions not repealed" and provides: "Nothing in this part shall be construed to impliedly repeal any provision of Division 4 (commencing with Section 3210) or Division 4.5 (commencing with Section 6100) of the Labor Code."

Since section 825 of the Government Code is in the same part as section 814.2, it is clear that if the state had no duty under the workers' compensation laws to indemnify Taira, Government Code section 825 would not impose such a duty.

CONCLUSION

This is a difficult case with an unfortunate result. Here decedent Taira had purchased insurance with Western Pioneer and must have believed he was covered. Respondent makes a compelling argument in contending that the state should not be permitted to have a car that is "financially irresponsible." However, in the light of the line of cases holding that the mandatory provisions of sections 11580.1 and 11580.2 of the Insurance Code do not apply to self-insurers, we cannot reach any other conclusion. A change, if one is to be brought about, must be made by the Legislature.

The judgment in this case is reversed and the trial court is directed to enter judgment in accordance with this opinion.

Zenovich, Acting P. J., and Andreen, J., concurred.

A petition for a rehearing was denied October 26, 1982, and the petition of respondents Longmire for a hearing by the Supreme Court was denied December 15, 1982. Bird, C. J., was of the opinion that the petition should be granted.