[No. G031165. Fourth Dist., Div. Three. Apr. 29, 2004.]

ARTHUR GARABEDIAN et al., Plaintiffs and Appellants, v.
LOS ANGELES CELLULAR TELEPHONE COMPANY et al., Defendants
and Respondents.

124

**COUNSEL**

Franklin & Franklin, J. David Franklin; and Anthony A. Ferrigno for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher, Steven E. Sletten and Robert P. Berry for Defendants and Respondents.

## OPINION

**RYLAARSDAM, Acting P. J.**—Plaintiffs Arthur Garabedian, Franklin & Franklin, and Anthony A. Ferrigno appeal from the grant of summary judgment in favor of defendants Los Angeles Cellular Telephone Company, Bell South Enterprises, Bell South Corporation, and AT&T Wireless Services, Inc. arising out of defendants' alleged breach of a settlement agreement in a class action. Plaintiffs challenge the judgment on several grounds, including claims that collateral estoppel does not bar them from litigating defendants' alleged breach and that there were triable issues of material fact. We find there were no triable issues as to causation or damages, and because we are affirming on that basis, have no need to discuss any additional arguments. We also deny defendants' request for sanctions.

### FACTS

The present case arises out of an earlier action in which plaintiff Garabedian filed a class action against several cellular telephone companies, including defendants. (The parties refer to that suit as *Garabedian I*, as will we in this opinion. A second suit, *Garabedian II*, was also filed. It was essentially identical to the first but covered a different time period. There are many references to it in the record but it is not relevant to this appeal.) The class was represented by several attorneys, including Franklin & Franklin and Ferrigno.

Settlement of the first action was documented in a written agreement which contained the following provision regarding attorney fees: "[T]he L.A. Cellular Defendants shall pay plaintiff's attorneys' fees and expenses combined of $14,125,000 total to the extent that amount is approved by the Court based on this settlement. Plaintiff's counsel agree to accept no more than $14,125,000 from the L.A. Cellular Defendants for attorneys' fees and expenses combined, notwithstanding any greater award by the Court. The L.A. Cellular Defendants will not oppose an award of attorneys' fees and expenses combined up to that amount. In no event shall the L.A. Cellular Defendants have any obligation to pay any of the plaintiff's attorneys' fees and expenses unless and until this settlement becomes Final."

Counsel for the class filed a motion for attorney fees and costs in which they asserted the L.A. Cellular defendants had agreed to pay $14,125,000 in fees and costs. In response, the L.A. Cellular defendants acknowledged they had agreed to pay "reasonable attorney's fees and expenses as awarded by the Court, up to a combined maximum of $14,125,000" and accordingly did not oppose the request. Relying on the language of the settlement agreement, which stated "to the extent that amount is approved by the Court based on

this settlement," defendants did assert, however, that the parties did not agree $14,125,000 was a reasonable sum. Rather, they stated, it was the trial court's responsibility to determine the reasonableness of the amount. In their reply, the class counsel again maintained that the L.A. Cellular defendants "agreed" to pay the $14 million amount and were contractually bound to do so.

In ruling on the request, the court held that reasonable attorney fees were $8 million, only half of which were to be paid by defendants, and found that "a multiplier would not be appropriate." The class then filed a motion for reconsideration. It contended the L.A. Cellular defendants' statement at oral argument on the original motion that it would be reasonable to split fees of $8 million evenly among the defendants was a breach of the settlement agreement. Plaintiffs argued that in ruling on the attorney fees provision of the settlement agreement, the only issue for the court's determination was whether there had been fraud or collusion between the parties in setting the amount of the fee. Barring such a finding, they asserted, the court was required to approve the agreement as to the amount of fees. The court granted the motion for reconsideration, but, after an extensive hearing, adopted its original ruling as to the $8 million award.

Counsel for the class filed an appeal (*Garabedian v. Los Angeles S M S A Ltd.* (G023829)), arguing the trial court incorrectly construed the settlement agreement as to attorney fees. About the same time, they filed this action alleging defendants had breached the settlement agreement by opposing the motion for attorney fees when they told the court it had the ultimate responsibility of determining the reasonableness of the amount of fees requested.

Plaintiffs dismissed the appeal in case No. G023829 before an opinion was rendered. In the instant case, defendants brought a motion for summary judgment, which the court granted on the grounds there were no triable issues of fact regarding the alleged breach of the settlement agreement, causation, or damages. It also held plaintiffs were collaterally estopped from arguing both that the $14,125,000 amount was anything more than a "cap" on the amount of attorney fees and costs and that the trial court in *Garabedian I* had no responsibility or discretion to determine the amount of fees up to $14,125,000 under the settlement agreement.

## DISCUSSION

*The Court Properly Granted Summary Judgment*

The premise underlying plaintiffs' action is that in settling *Garabedian I*, the parties agreed defendants would pay more than $14 million in attorney

fees and costs and defendants would not oppose a request for that amount. Plaintiffs alleged defendants breached this agreement when, in response to plaintiffs' motion for approval of those fees, they stated that while they did not oppose the request, the parties had not agreed the $14 million amount was reasonable and it was the court's responsibility to determine a proper amount. Plaintiffs contend the court relied on defendants' statements when it erroneously awarded just $8 million, only half of which was to be paid by defendants. Thus, plaintiffs conclude, defendants caused plaintiffs to lose over $9 million. In granting summary judgment, the trial court found, among other things, there were no triable issues of material fact regarding causation or damages. We agree.

■ Plaintiffs argue the *Garabedian I* court had no right to independently decide the amount of attorney fees. But plaintiffs cite no law, and we found none, that prohibits a court from reviewing the reasonableness of the amount of agreed-upon attorney fees in a class action settlement agreement. To the contrary, the court has a duty to review and approve attorney fees. In *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 [56 Cal.Rptr. 2d 483], the court held " '[t]horough judicial review of fee applications is required in all class action settlements . . . .' " (*Id.* at p. 1808.) Even where the parties agree as to the amount of attorney fees in such a settlement agreement, courts properly review and modify the agreed-upon fees if the amount is not reasonable.

We may look to federal authority to determine whether settlement of a class action is fair and reasonable. (*Dunk v. Ford Motor Co., supra,* 48 Cal.App.4th at p. 1801 & fn. 7.) *Zucker v. Occidental Petroleum Corp.* (9th Cir. 1999) 192 F.3d 1323 is instructive. Similar to the agreement here, in *Zucker* the parties contracted in the class action settlement agreement that the plaintiffs' counsel would seek approval of attorney fees and costs not to exceed $2.975 million and the defendants would not oppose the motion. After the trial court approved the settlement, including the requested fees, the Ninth Circuit vacated the attorney fees award and remanded the case because the district court had not adequately explained its rationale for approving the fee. At the new hearing, the district court reduced the amount from the not quite $3 million set out in the settlement agreement to just over $1 million. In doing so, it articulated several reasons why it declined to use a risk multiplier. It also cut down the lodestar amount because it believed the attorneys' rates were too high.

The plaintiffs then appealed that decision. The Ninth Circuit affirmed, stating, "In a class action, whether the attorneys' fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment of attorneys' fees

are fair and proper. This duty of the court exists independently of any objection." (*Zucker v. Occidental Petroleum Corp., supra,* 192 F.3d at pp. 1328–1329, fn. omitted.) Although a question before that court was whether a particular party had standing to object, an issue not before us, the principle that the court has an independent duty to determine the reasonableness of the amount of attorney fees awarded applies equally here.

Similarly, in *Feuerstein v. Burns* (S.D.Cal. 1983) 569 F.Supp. 268, the parties to a class action settlement agreed plaintiffs' counsel would petition for an award of attorney fees and costs not to exceed $550,000 and defendants would " 'neither support nor oppose the application . . . .' " up to that amount. (*Id.* at p. 271.) In considering the request, the court noted its duty to decide whether the amount requested was reasonable, stating that "while counsel is entitled to an 'allowance of counsel fees and expenses' pursuant to the terms of the settlement agreement, this Court must exercise moderation in determining the allowance's size. [Citation.]" (*Ibid.*)

Plaintiffs strongly emphasize the fact that the agreement here specifically lacks "not to exceed" language. However, that distinction makes no difference. The cases do not rise or fall on the specific wording of the settlement agreements. Rather, the focus is on the court's independent duty to evaluate the requested amount and award only what is reasonable.

█ Even had the agreement stated that the court had no discretion to reduce the fees, it would not have been binding. As discussed above, the court had an independent right and responsibility to review the attorney fee provision of the settlement agreement and award only so much as it determined reasonable. The parties could not, by their accord, take away that duty. An agreement of the parties does not bind the court if it is contrary to law or public policy. (*Bechtel Corp. v. Superior Court* (1973) 33 Cal.App.3d 405, 412 [109 Cal.Rptr. 138]; see *Western Pioneer Ins. Co. v. Estate of Taira* (1982) 136 Cal.App.3d 174, 182 [185 Cal.Rptr. 887] [interpretation of law generally not proper subject of parties stipulation but is for court to decide]; *Leonard v. City of Los Angeles* (1973) 31 Cal.App.3d 473, 476 [107 Cal.Rptr. 378] [parties' stipulation may not bind court on questions of law or legal conclusions drawn from stipulated facts]; *Stewart v. Stewart* (1955) 130 Cal.App.2d 186, 193 [278 P.2d 441] [court's discretionary power to determine custody of minor children cannot be impeded by parents' stipulation].)

In *California State Auto. Assn. Inter-Ins. Bureau v. Superior Court* (1990) 50 Cal.3d 658 [268 Cal.Rptr. 284, 788 P.2d 1156], the court held that where the parties

stipulated to a judgment under Code of Civil Procedure section 664.6, the court could not " 'surrender its duty to see that the judgment to be entered is a just one, nor is the court to act as a mere puppet in the matter.' [Citation.]" (50 Cal.3d. at p. 664.) Likewise, the court here was not to act simply as a rubber stamp for the parties' agreement.

We also reject plaintiffs' related argument that absent evidence of fraud or collusion in settling on the amount of attorney fees, the court had no discretion to reduce the fees awarded. Plaintiffs rely on paragraph 9.3 of the settlement agreement which provides that if the court does not approve the agreement "substantially in the form submitted," the parties would "be restored to their respective positions in the litigation . . . ." They argue that by awarding less than $14 million, the court improperly modified the parties' agreement.

Not so. The law empowers the court to set the amount of fees independently without disapproving the entire settlement. " 'A finding that the settlement was fair is not dispositive of the attorney fees issue. . . .' [Citation.]" (*Dunk v. Ford Motor Co., supra,* 48 Cal.App.4th at pp. 1808–1809.)

Thus, it makes no difference whether the court believed defendants' statements in response to plaintiffs' application for attorney fees. Even if it did rely on defendants' statements, it also had an independent duty to evaluate the fees requested. It did so. That was the cause of a lower award to plaintiffs.

*Sanctions Denied*

Defendants seek sanctions under California Rules of Court, rule 27(e), claiming the appeal was objectively and subjectively frivolous. We disagree. Although the law plainly gives the court the right and duty to independently decide the amount of reasonable attorney fees in a class action settlement, up to now there has been no California case directly stating that point. For that reason also, ultimately we are not satisfied the appeal was filed in bad faith, although plaintiffs' arguments came close to stepping over the line between vigorous advocacy and bad faith.

## DISPOSITION

The judgment is affirmed. The motion for sanctions is denied. Respondents shall recover their costs on appeal.

Bedsworth, J., and, O'Leary, J., concurred.

A petition for a rehearing was denied May 20, 2004, and appellants' petition for review by the Supreme Court was denied August 11, 2004.